# NO. 12-22-00203-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN SCOTT SUTTON,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Steven Scott Sutton appeals his convictions for aggravated sexual assault of a child and indecency with a child by sexual contact. In one issue, Appellant argues that his sentences constitute cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was indicted for four counts of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. Appellant pleaded "not guilty" to the offenses and the matter proceeded to a jury trial. The jury found Appellant "guilty" of all five offenses and assessed punishment of ninety-nine years' imprisonment on each aggravated sexual assault of a child count and twenty years' imprisonment for the indecency with a child by sexual contact count, with the sentences to run concurrently. This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the four sentences of ninety-nine years and one sentence of twenty years assessed by the jury are grossly disproportionate to the crimes committed and amount to cruel and unusual punishment under the United States Constitution and the Texas Constitution. In his brief, Appellant contends that his sentence is grossly

1

disproportionate to the crimes because he has only a limited criminal history and other defendants in Texas received lesser sentences for the same offenses.

Before a complaint may be presented for appellate review, the record must show that Appellant raised the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). A complaint that a sentence is grossly disproportionate and constitutes cruel and unusual punishment may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Kim*, 283 S.W.3d at 475. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object during the punishment hearing. *Burt*, 396 S.W.3d at 577 n.4. In this case, Appellant did not object at the punishment hearing when his sentences were pronounced. Because Appellant had the opportunity to object to his sentences at the punishment hearing and failed to do so, we conclude that he failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); *Burt*, 396 S.W.3d at 577-78.

Even if Appellant had preserved his issue, we could not grant him relief because his sentences do not constitute cruel and unusual punishment. The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII . This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In this case, Appellant was convicted of four counts of aggravated sexual assault of a child, a first-degree felony with a punishment range of no less than five years but no more than ninety-nine years or life imprisonment. *See* TEX. PENAL CODE ANN. § 12.32(a); 22.021(a)(1)(A), (2), (b) (West 2021). Thus, the ninety-nine-year sentence imposed by the trial court for each count falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664. Appellant was also convicted of indecency with a child by sexual contact, a second-degree felony with a punishment range of two to twenty years of imprisonment. *See* TEX. PENAL CODE ANN. § 12.33(a); 21.11(d) (West 2021). Thus, the twenty-year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges this Court to consider the factors originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle* in making the threshold determination of whether Appellant's sentences are grossly disproportionate to his crimes. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to

obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offenses Appellant committed—multiple counts of aggravated sexual assault of a child, as well as indecency with a child by sexual contact—are far more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's sentences are less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not unconstitutionally disproportionate, neither are Appellant's sentences in this case.[1] Because we do not find that the threshold test is satisfied, we need not apply the remaining elements of the *Solem* test. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] In his brief, Appellant makes a conclusory statement that his sentences are grossly disproportionate, stating that other persons sentenced in Texas for the same crimes received sentences significantly less harsh than Appellant received. However, he cites no authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities....").

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2023**

**NO. 12-22-00203-CR**

**STEVEN SCOTT SUTTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-18-33719)

_____

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*